IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| BILLY RAY JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JUAN PENA GARCIA, BANCORP SOUTH BANK, PAT WILSON, ASSISTANT VICE PRESIDENT; <br><br> Defendants. | CIVIL ACTION NO. 5:20-CV-00137-RWS |

**ORDER**

The above-entitled and numbered civil action was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 17, 2021, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiff Billy Ray Johnson's claims be dismissed with prejudice. Docket No. 25 ("Report and Recommendation"). Johnson, proceeding *pro se*, filed objections to the Report and Recommendation. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

I.   **FACTUAL BACKGROUND**

On August 13, 2020, Johnson, proceeding *pro se*, filed an original complaint against Juan Pena Garcia, BancorpSouth Bank, and Assistant Vice President Pat Wilson (collectively, "Defendants"). In a typed attachment to his form complaint, Johnson alleges that in May of 2013 Defendant Garcia offered to rent Johnson's house on Blake Street in Texarkana, Texas for $5,000.00 down and $625 per month. Docket No. 1 at 5. According to Johnson, in October of 2013, Garcia told Johnson he no longer wanted to live in Johnson's rent house because he was moving back to

Mexico; Johnson gave Garcia thirty days to move out but Garcia was still living in the house in November of 2013. *Id.* at p. 6. Johnson further alleges as follows:

> 2 months rent was not paid so, plaintiff Johnson filed a claim small claim in JP 1-2 Bowie County, Texas in case no. 13SD-00332-JP-1-2. Judge Hadaway ordered [sic] Defendant Garcia to Pay the 2 months back rent to Plaintiff now in the court room in the amount of $1,250, or face Immediate Eviction. Defendant Garcia pulled out a large roll of $100 dollar bills and laid the money on Judge Hadaway desk. Plaintiff was given permission to pick the money up, and also given permission to go check for damages to his house located at 605 Blake Street Texarkana. After Inspection and Estimated damages condu[c]ted by plaintiff and a Certifie[d] Carpenter, A Default Judgement in JP Precinct [sic] 1-1 [B]owie [C]ounty, Texas in case no. 13SC-0551-Jp 1-1, Judge Nancy Talley for $8,851.00, on October, 29-2014 in favor of Plaintiff. No Appeal was taken. Time went by and Plaintiff and his Attorney appeared for a Eviction hearing, Defendant Garcia and his wife appeared, after all the evidence was reviewed, Defendant Garcia [sic] stated that he did not have the money to pay the court ordered debth. Plaintiff attorney requested that Defendant Garcia be Evicted. Judge Nancy Talley said that the lawsuit was going to be passed on to Judge Jeff Addison for no Legitimate Reason, judge [T]alley acted as a APPEAL attorney for defendant Garcia.
>
> years later defendant Juan Pena Garcia, signed a Sworn Borrowers [sic] Certification and Authorization with his social security number on it 07-31-2017 (Exh-F)., with Red River Federal Credit Union, his Financial [sic] Institution[.] Defendant Juan [P]ena Garcia stated on the Document that he is a Renter at 605 Blake Street Texarkana, Texas 75501, The Document was sent to Plaintiff for his Approval and signature. A new County Court at Law Judge took office, Craig Henry took office January 2019, and Issued a Order on March 20, 2019, removing Plaintiff [sic] Johnson from ownership of 605 Blake Street Texarkana, Texas 75501. Plaintiff Johnson Home was then sold to Defendant Juan Pena Garcia by Bancorp[S]outh on [M]ay 27, 2019. Plaintiff Johnson was notified by Defendants attorney, Jonathan W. Beck by telephone that very same day.
>
> BancorpSouth Assistant Vice President Pat Wilson, signed a BUY-SALE Agreement on February 19, 2019 with Defendant out of the presence of Plaintiff Johnson, see (Exh-G) with knowledge that BancorpSouth and Plaintiff Johnson was under Contract, see (Exh-H). This agreement was signed 31 days before Judge Craig Henry signed the Order of Non-Suit see (Exh-I). Plaintiff Johnson filed a Complaint through his Federal Employer, I.D. Experts see (Exh-J), and June 2019 the out come was in favor of plaintiff Johnson, It clearly states that Credit Grantor Reclaimed [sic] Collateral, Due to Default Contract Balance -0- see(Exh-K). Plaintiff Johnson contacted the Sixth Court of Appeals the about Illegal Conduct of Bancorp[S]outh[.] Chief Justice Josh R. Morris, III Decided No.06-1900031-CV, May 22, 2019, stating the Order in this case, Trial Court No. 18C0906-CCL, does not dispose of all parties and Issues in the Lawsuit.

> Plaintiff Billy Ray Johnson, hired attorney Butch on or about July 11, 2017 and paid him $ 1,000.00 cash dollars, the attorney tax records are on file in his office and he filed a SETTLEMENT AND RELEASE AGREEMENT in Cause No. 14 C0397-CCL that clearly states on page 5, top paragraph entitled, Entire Agreement, states, This Agreement Constitutes the entire understanding and agreement of the Garcia and Johnson with respect to the Subject matter herein, specifically Including the Previous Contract entitled 'Affidavit Of Billy Ray Johnson', notarized [sic] by Joyce Coleman Dodd, and []Garcia's 'First Amended Petition' for Declaratory Judgement filed in the above captioned lawsuit. On 08/27/2018 then County Court At Law, Judge Jeff M. Addison, Signed [sic] a Order which Consolidated [sic] Cause No. 14C0397-CCL Superseded, and signed by all parties, Cause No. 18C0906-CCL into a Single Lawsuit see (E h-M&N). A Hearing was Held in the Trial Court on 08/28/2019.
>
> Defendant [sic] Juan Pena Garcia, a Green Card Holder from Mexico, was represented by attorney Jonathan W. Beck, of Texarkana. Attorney Beck, He took the floor and began accusing plaintiff Johnson, of a Breach of contract, and presented the old contract entitled, 'Affidavit Of Billy Ray Johnson', he also presented a BUY-SELL agreement dated February [sic] 19, 2019, that was signed by Defendant Garcia and Assistant Vice President of BancorpSouth [sic], Pat Wilson out of the presence of Plaintiff Johnson.
>
> Bancorp[S]outh Vice President Pat Wilson [k]new plaintiff Johnson, was under Contract with BancorpSouth [sic] at the same time, of the agreement with Garcia see (Exh-H. This is clearly a Breach [of] Fiduciary . . . Duty. Judge Craig Henry signed a Order of NON-SUIT until March 20,2019, 31 days later, see (Exh-I). Plaintiff as told Cause No. 14C0397, That was filed by plaintiff former Attorney, Mr. Butch Dunbar, on or about July 11, 2017, nearly 3 years ago Superseded and Consolidated [sic] by Judge Jeff Addison on 08/27/2018. this was missing from the Entire Clerks File, and court as if it never Existed or some one Destroyed it, Now District Judge will testify, that is his signature on the Court Order Dated 08/27/2018 Consolidating the 2 lawsuits.

*Id.* at 6–7.

> Johnson requests the following relief:
>
> Reverse the Trial Court Judgement as Null and Void. Order Defendant Juan Pena Garcia to pay the Court Ordered Default Judgement in the amount of $8,851.00 plus 5% per annum from and after date of Judgement. Order Defendant Garcia to pay pas[t] due rent, last payment August 2017, $625.00 a month. Total back rent owed $22,500.00 plus Interest that is allowed by law. Defendant Garcia to pay $10,500.00 in attorneys fees to plaintiff Johnson. Plaintiff also request this Honorable Court, to place a Hold on Defendant Juan Pena Garcia's Green Card to avoid him fleeing back to Mexico. Also plaintiff request that a court order freeze be placed on Defendant Garcia Bank Account and the multiple vehicles, to avoid Defendant Garcia from fleeing back to Mexico.

> Plaintiff further request th[i]s Honorable Court to Order Defendant Garcia to move out of 605 Blake Street Texarkana, within 30 days, and hold him accountable for Damages. Order BancorpSouth [sic] Bank, and Vice President Pat Wilson to compensate plaintiff Johnson $750,000.00 for a Breach of Fiduciary Duty, for Defaulting on the Contract between plaintiff Billy Ray Johnson and BancorpSouth [sic] Bank, plus Punitive Damages allowed by law. Plaintiff request this Honorable Court to take any other Appropriate Actions Deem necessary. Plaintiff Johnson further Request a Trial by Jury.

*Id*. at 9.

Johnson attached numerous exhibits to his original complaint, including a 2004 Deed of Trust listing Johnson as the Grantor and the beneficiary as BancorpSouth Bank and an October 29, 2014 Default Judgment wherein Bowie County Justice of the Peace Nancy Talley ordered that Johnson recover $8,851.00 from Garcia. Docket No. 1-1 at 2, 11; Docket No. 1-2 at 18. Johnson also attached a 2017 Request for Verification of Rent or Mortgage which indicates Garcia rented the house on Blake Street for $625.00 per month from May 2013 to present. Docket No. 1-1 at 12.

Exhibit N is an August 27, 2018 order from the Bowie County Court of Law, consolidating into one cause of action Cause No. 14C0397-CCL (*Juan Pena Garcia v. Billy Ray Johnson*) and Cause No. 18C0906-CCL (*BancorpSouth Bank v. Bill Ray Johnson and All Occupants of 605 Blake Street, Texarkana, Tx 75501*). *Id*. at 30–31. Johnson attached as Exhibit M an undated Settlement and Release Agreement in Cause No. 14C0397-CCL, wherein Garcia agreed to buy and Johnson agreed to sell the property located at 605 Blake Street. *Id*. at 24–29. Johnson also attached a February 2019 Buy-Sell Agreement between the seller BancorpSouth Bank and buyer Garcia regarding the property on Blake Street. *Id.* at pp. 14-15 (signed by Pat Wilson for BancorpSouth). Johnson attached as Exhibit I an Order Granting Non-Suit dated March 20, 2019 in *BancorpSouth Bank v. Bill Ray Johnson and Juan Pena*, Cause No. 2018-2123-5, District Court of Bowie County, Texas. *Id*. at 21.

Finally, Johnson attached an August 29, 2019 Judgment signed by Judge Craig Henry in Cause No. 18C0906-CCL. Docket No. 1-2 at 31. Following a bench trial wherein the plaintiff Garcia appeared with counsel and the defendant Johnson appeared *pro se*, the court found the defendant Johnson breached a valid contract and that the plaintiff Garcia was damaged in the amount of $32,300.00. *Id*. The court further ordered Johnson to pay Garcia attorneys' fees in the amount of $10,240.00. *Id*.

## II.   PROCEDURAL BACKGROUND

Defendant Garcia moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 17, 2020. Docket No. 12. In his motion, Garcia argued this "matter arises from the same facts which have been heard in multiple lawsuits between the parties concerning the sale of a house at 605 Blake Street, in Texarkana, Texas." Docket No. 12 at 1. Garcia further argued Johnson does not allege any interaction between Garcia and Johnson other than the underlying facts of the multiple lawsuits and appeals therefrom. Garcia asserted Johnson's complaint failed to assert a claim against him for which relief may be granted.

Separately, on September 25, 2020, Defendants BancorpSouth Bank and Pat Wilson ("BancorpSouth") moved to dismiss under Rule 12(b)(6), arguing as follows:

> Plaintiff has failed to allege any facts that could support any legally viable claim against anyone or any party and certainly none against Defendants BancorpSouth and Pat Wilson.
>
> Indeed, a careful reading of the Complaint reveals that Plaintiff's conclusory reference to a hodgepodge of factual allegations fails to state any legally viable claim against Defendants BancorpSouth and Pat Wilson or any other party; therefore, his Complaint should be dismissed with prejudice.
>
> The Plaintiff's only stated claim against BancorpSouth and Pat Wilson is an alleged breach of fiduciary duty claim (see Complaint at Page 7, Line 21 and Page 9, Line 13). The Plaintiff fails to allege any facts that could support a breach of fiduciary claim, has failed to show any fiduciary relationship, and has failed to even plead the elements of a breach of fiduciary duty claim and therefore the claims against

> Defendants BancorpSouth and Pat Wilson should be dismissed with prejudice on this basis alone.
>
> Furthermore, the Plaintiff's claim against Defendants BancorpSouth and Pat Wilson should also be dismissed because as a matter of law there is no fiduciary duty arising from the lender-borrower relationship. The Texas Supreme Court has made it clear that '[t]he relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.' Indeed, Texas federal and state courts have regularly rejected claims of a mortgagee based on such duty. Plaintiff's Complaint simply does not assert a legally viable, recognized cause of action against Defendants BancorpSouth and Pat Wilson; therefore, his Complaint should be dismissed with prejudice as to Defendants BancorpSouth and Pat Wilson.
>
> The Defendants further contend that Plaintiff's claim against Defendants BancorpSouth and Pat Wilson should be dismissed with prejudice and without leave to amend because, as a matter of law, he cannot establish a required element of his breach of fiduciary duty claim—a fiduciary relationship.
>
> Alternatively, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the Defendants BancorpSouth and Pat Wilson request that the Court require the Plaintiff to amend the Complaint on the grounds that the Complaint is so vague, confusing, unintelligible, and ambiguous that the Defendants are unable to reasonably prepare a response.

Docket No. 15 at 3–5 (internal numbering and footnotes omitted).

On March 8, 2021, the Magistrate Judge issued a 19-page Report and Recommendation ("R&R") addressing Defendants' motions to dismiss and recommending the motions be granted with leave to amend. Regarding Garcia's motion, the Magistrate Judge noted that Johnson's allegations, and requested relief in this case, relate to the underlying facts in previous litigation between the parties. Docket No. 20 at 12. The Magistrate Judge further noted Johnson, per his own allegations, does not own the house upon which he bases his claims. *Id*. at 13 (citing Docket No. 1-1 at 23 (attachment to the original complaint revealing BancorpSouth Bank reclaimed the house in January of 2018); also citing Docket No. 1 at 6–7 (alleging "[a] New County Court at Law Judge took office, Craig Henry took office January 2019, and Issued a Order on March 20, 2019, removing Plaintiff Johnson from ownership of 605 Blake Street Texarkana, Texas 75501.")). The Magistrate Judge held:

> Because Plaintiff's allegations are clearly not plausible because they are claims, which on their face, have been previously litigated, appealed, and denied, Plaintiff has failed to assert a plausible claim upon which relief can be granted. What is more, because Plaintiff does not own the house, per his allegations, he cannot plausibly collect rent. Plaintiff has not asserted a plausible claim against Garcia under Rule 12(b)(6). Finally, Garcia argues Plaintiff and Garcia allegedly entered a Settlement Agreement. According to Garcia, Plaintiff cannot be owed rent by Garcia under the allegations in the complaint because Plaintiff alleged a Settlement Agreement.2 The Court agrees. Because Plaintiff allegedly entered a Settlement Agreement, per his complaint allegations, he cannot plausibly collect rent.

*Id*. at 13–14.

Although the Magistrate Judge believed amendment would be futile, she noted the Court is not inclined to dismiss a *pro se* plaintiff's claims without allowing an opportunity to amend. Noting Johnson had not filed an amended complaint in this case, the Magistrate Judge recommended Johnson be allowed one opportunity to state a valid claim against Garcia. *Id*. at 14–15. Thus, the Magistrate Judge recommended Garcia's motion be granted, but with leave to amend, and that Johnson be ordered to amend his complaint within twenty days of the date of any Order Adopting the R&R. *Id*. at 15.

The Magistrate Judge ruled similarly on BancorpSouth's Rule 12(b)(6) motion to dismiss. Specifically, the Magistrate Judge concluded:

> Even under the liberal construction given to *pro se* plaintiffs' pleadings, Plaintiff's allegations are at best vague, conclusory, and lacking in factual support. Although the Court cannot find any cognizable legal claim and believes amendment would be futile, the Court is not convinced Plaintiff's claims are so fantastic or frivolous to recommend dismissal with prejudice without allowing the *pro se* plaintiff an opportunity to amend to alleged his best case. As with Garcia's motion, the Court recommends BancorpSouth's motion be granted, but with leave to amend, and that Plaintiff be ordered to amend his complaint within twenty days of the date of the Order Adopting this Report and Recommendation, if one is entered.

*Id.* at 17–18.

Johnson objected to the R&R. *See* Docket No. 22. On May 7, 2021, the undersigned overruled Johnson's objections and adopted the R&R as the findings and conclusions of the Court,

granting Defendants' motions to dismiss with leave to amend. *See* Docket No. 23 at 9 ("Even though Plaintiff may have already pleaded his best case, the Court agrees with the Magistrate Judge that Plaintiff should be allowed one opportunity to amend."). Specifically, the Court ordered:

> Plaintiff shall amend his original complaint within twenty days of the date of this Order, stating with sufficient specificity claims against Garcia, BancorpSouth Bank and Pat Wilson for which relief can be granted. Plaintiff is advised that failure to file an amended complaint which complies with this Order could lead to a recommendation that Plaintiff's above lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any Order of the Court.

*Id.*

### III.   JUNE 17, 2021 REPORT AND RECOMMENDATION

On June 17, 2021, the Magistrate Judge entered a second Report and Recommendation, recommending Plaintiff's cause of action be dismissed with prejudice. The Magistrate Judge found:

> As noted by the undersigned in the March 8, 2021 Report and Recommendation, even under the liberal construction given to pro se plaintiffs' pleadings, Plaintiff's allegations are at best vague, conclusory, and lacking in factual support. Docket Entry # 20 at p. 17. However, rather than recommend dismissal at that time, the undersigned recommended Plaintiff be allowed one opportunity to amend his complaint. On May 7, 2021, the Court adopted the Report and Recommendation as the findings and conclusions of the Court, granting Defendants' motions to dismiss, but with leave to amend.
>
> The Court ordered Plaintiff to amend his complaint, stating with sufficient specificity claims against Garcia and BancorpSouth for which relief can be granted. The Court specifically advised Plaintiff that failure to file an amended complaint which complies with the May 7, 2021 Order could lead to a recommendation that Plaintiff's above lawsuit be dismissed with prejudice.
>
> On May 17, 2021, Plaintiff acknowledged receipt of the May 7 Order. As of the date of this Report and Recommendation, Plaintiff has not filed an amended complaint which complies with the May 7, 2021 Order. Accordingly, the Court recommends Plaintiff's case be dismissed with prejudice.

Docket No. 25 at 10–11.

### IV.   PLAINTIFF'S OBJECTIONS

Johnson objected to the Report and Recommendation on July 15, 2021. *See* Docket No. 28. The substance of the objections is identical to the objections filed to the March 8, 2021 Report

and Recommendation, which substantively asserted as follows:

> The Magistrate Judge stated that Plaintiff Johnson, stated that he was not the owner of the House located at 605 Blake Street, (EXH-A) will clearly show that Billy Ray Johnson is the Owner and Under Contract with BancorpSouth Bank. (Exhibit-B) Clearly shows Defendant Juan Pena Garcia is a Renter at 605 Blake St. Texarkana, Texas 75501. Both conflicting statements made in the report. Def[e]ndant Juan Pena Garcia violated Title 18, United States Code Section 1014. This has caused Plaintiff Johnson to suffer $50,000.00 in Equity Loss. This is a violation of Plaintiff Johnson Due Process Rights.
>
> On February 19, 2019 Assistant Vice President for BancorpSouth, Pat Wilson Signed a Buy-Sale Agreement, out of the presence of Plaintiff Johnson with Defendant Juan Pena Garcia with knowledge, that BancorpSouth and plaintiff Johnson was under contract. These facts are not in dispute in the Magistrate Judge Report. Parties cannot simply make an Argument in the most skeletal way, leaving the court to put Flesh on it s bones.' Sands v. Brennan, 2018 WL 4356650, 2(E.D. Mich. Sept.13, 2018) (quoting McPerson v. Kelsey, 125 F.3d 989,995-96 (6th Cir. 1997)). Objections must' pinpoint'- those 'specific findings that the party disagrees with.' Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856-57 (11th Cir. 2010).
>
> Plaintiff further states that a similar problem occurred in 2018 but was corrected by then President Donald J. Trump see (EXH-C,D,E,F &G) the Investigation is still on going to this date.

*Id.* at 1.

The second page of the July 15, 2021 objections is new and contains the same substantive information as contained in a separate notice provided by Plaintiff on June 24, 2021. *See* Docket No. 26. The second page provides as follows (in all caps):

> The United States Supreme Court ruled unanimously on June 7, 2021, that all immigrants that illegally entered the United States of America, and did not obtain a green card from the consulate of there country, could not obtain a lawful permanent entry see (Sanchez v. Mayorkas.) Plaintiff Johnson states that Defendant, Juan Pena Garcia admitted to illegally crossing the border into the United State of America. Governor Greg Abbot is correct and are reaching out top victims. Code (U.S.C.), or Section 275 of the Immigration and Nationality Act (I.N.A.), as well as June 27, 1952, Ch. 477, Title 11. Ch. 8. Section 275, Immigration of 1924.
>
> For the first improper entry offense, the person will/shall be fined as a criminal penalty, or imprisoned up to 6 months, or both. If the federal border control agents, would have protected the Mexico border lawfully and appropriately, Defendant Juan Pena Garcia would not have never entered, the United States illegally, causing

>   Plaintiff Johnson to be victimized, and a right to sale his home appropriately. Plaintiff Johnson was injured as a federal civilian employee for the Department of Defense, located at Red River Army Depot, in time of war.

Docket No. 28 at 2.

## V. *DE NOVO* REVIEW

It is well-settled that "[p]ro se complaints 'however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.' " *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F .3d 94, 100 n. 10 (5th Cir. 1994) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations and citation omitted)). Notwithstanding this general relaxing of the pleading standards for *pro se* plaintiffs, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *McZeal v. Deutsche Bank Nat'l Tr. Co.*, 726 Fed. Appx. 968, 971 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (emphasis in *Taylor*)).

The Court has allowed Johnson additional time to amend his complaint to state a claim against Defendants, and he has failed to do so, despite being advised his lawsuit could be dismissed. The Court has reviewed the recommendations of the Magistrate Judge and is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court adopts the June 17, 2021 Report and Recommendation of the United States Magistrate Judge (Docket No. 25) as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 9th day of August, 2021.**

*[Signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE